Jenner, J.
(orally.)
The case of R. C. Roush v. Herman W. Loeffler, presents the question in the record as to the right of Loeffler, real estate agent, to certain commissions that he alleges is due him from Roush.
In his amended petition he avers that on the 16th of October, 1891, he *807 entered into a written agreement with the defendant in which the defendant agreed to pay him the sum of one hundred ($100) dollars on condition that he would sell certain real estate for not less than $2,000; and he goes on to detail as to what he did in pursuance of his contract in endeavoring to effect a sale to some man by the name of Smith; and he further states that after he had done a good deal of labor in endeavoring to effect this sale, about the first of January.T892, and while the negotiations^ were still pending for the sale, Roush came to his office and wanted him to ized to sell the land to anybody that he could effect the sale to, but he says agreed to do that upon this condition- — the written contract he was author-•deliver up the' contract, and end his agency. And thereupon, he says he the condition upon which the contract was surrendered, was, that if a sale was effected to this man Smith, by Roush, then Loeffiler was to have his commission of a hundred dollars. He says that was the contract, and thereupon he handed over the written evidences of his contract; and subsequently Roush did sell the land, part of it, if not all, to Smith, and he seeks to recover on his contract; that is, I might say, on the verbal contract.
The answer admits the entering into the written contract; admits the delivering up of the written contract; but it is a substantial denial of all of the other averments of the petition.
There was a demurrer, but we think the demurrer was properly overruled.
It can make no difference whether this is called a new contract, a new verbal contract, or whether the contract was handed over to Roush, the written contract, with the agreement that it should yet continue in force as a written contract, providing the sale was made to Smith in pursuance of the efforts and labor that had been made by Loeffler, and subsequently made by Roush. We cannot see any difference. It would be a very peculiar rule to say, “Well, here now, was this not a verbal contract? What is the consideration of the verbal contract?” Well, the consideration of the verbal contract would be that Roush said, “You let me have this written contract; I don’t want you to attempt to sell this land for me, to anybody.” Loeffiler says, “We have already done a great deal of work so far as Smith is concerned; we are willing to release our right to sell this to anybody else, if you will agree that if you consummate what we have already started and done work in, if you will sell to Smith, to pay us our commission.” He agrees to that. No trouble about showing that he agrees. That is the consideration; and under the authorities that is all right; and we think the authorities cited here, in this 83d N. Y., is all right. It sustains counsel in their position, if the facts sustain them.
This 83d N. Y. case of Siebold v. The Bethlehem Iron Company, as to the duty of a broker of this kind: “He cannot merely do some work, and realize no results, and because a sale happens to be effected, then after his contract is terminated he cannot come in and say, ‘Now, I want pay for what I didn’t do;’ that he cannot do, of course. The duty of a broker employed to sell property is to bring the buyer and seller to an agreement. Vyhile it is not essential that he shall be present and an active participator in the agreement or sale, when it is actually concluded, to entitle him to his commission, he must produce a purchaser ready and willing to enter into a contract on the employer’s terms. He is not entitled to commissions for unsuccessful efforts to effect a sale.” That is true, no doubt; and if-Roush had said to Loeffler, “Yes, if I can effect a sale to Smith of this land for $2,600, you shall have your commission; otherwise not;” and he only sold it for two thousand dollars we do not think Loeffler would be entitled to any commission; but they make the proper.averment in their petition, and if the sale is effected to Smith, then you are to *808 get your commission. They say he said that; he denies it, but they produce two witnesses on that proposition, himself and another witness, Busby, probably a clerk, who has been in the office. And then Smith, himself, is called, but he goes on. to show what was done in the effort to make the sale etc., but there is no dispute about that; it is- admitted these efforts were all made, but he says they terminated too soon — before that sale was effected. Now, wasn’t that under the facts of this case, a question for the jury, and a proper question? As a question of fact, the jury could find — well, this man did a great deal of work in attempting to effect this sale, and by reason of his efforts the sale was made, and a contract entered into between Roush and Loeffler, as Loeffler claims, why, the commission ought to be recovered.
We will not disturb this judgment. It will be affirmed.